STATE OF NORTH CAROLINA v. GARY WARE

No. 7029SC659

(Filed 16 December 1970)

Escape § 1— plea of nolo contendere to felonious escape charge — sentence
   The record reveals that defendant freely, understandingly and voluntarily entered a plea of *nolo contendere* to a valid indictment charging him with a second offense of escape, a felony, and that the sentence imposed is within the limits prescribed by G.S. 148-45(a).

APPEAL by defendant from *Grist, J.,* 10 August 1970 Session of RUTHERFORD Superior Court.

The defendant Gary Ware was charged in a bill of indictment, proper in form, with a second offense of escape, a felony,

in violation of G.S. 148-45(a). The defendant, an indigent, represented by his court-appointed attorney, entered a plea of *nolo contendere*. From a judgment of imprisonment for six months, the defendant appealed to this Court.

*Robert Morgan, Attorney General, and Richard N. League, Staff Attorney, for the State.*

*Robert G. Summey for defendant appellant.*

HEDRICK, Judge.

Defendant brings forward no assignments of error, but requests this Court to review and examine the record on appeal for any prejudicial error appearing on the face thereof.

"A plea of *nolo contendere* is equivalent to a plea of guilty insofar as it gives the court the power to punish, and the court may impose sentence thereon as upon a plea of guilty." 2 Strong, N. C. Index 2d, Criminal Law, § 25, p. 513.

The record on appeal reveals that the judge carefully questioned the defendant in open court as to whether he freely, understandingly, and voluntarily entered the plea of *nolo contendere* to the charge set out in the bill of indictment, and on 12 August 1970 the court made an adjudication that the defendant's plea was " . . . freely, understandingly and voluntarily made, without undue influence, compulsion or duress, and without promise of leniency."

We have carefully examined the record and conclude that the defendant pleaded *nolo contendere* to a valid bill of indictment, and the sentence imposed by the judgment is within the limits prescribed for a violation of the statute, G.S. 148-45(a).

In the trial below, we find no error.

No error.

Judges CAMPBELL and BRITT concur.